UNITED STATES of America,
Plaintiff–Appellee,

v.

Jose Antonio MACIAS–FUENTES, a/k/a Jose Anthony Macias, Jose Macias Fuentes, Jose Antonio Fuentes, Jose Antonio Macias and Tony Macias, Defendant–Appellant.

No. 06–50135.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 6, 2007.*

Filed Feb. 20, 2007.

Becky S. Walker, Esq., Craig H. Missakian, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Jonathan D. Libby, Esq., APDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: KOZINSKI and TROTT, Circuit Judges, and BEISTLINE **, District Judge.

### MEMORANDUM***

1. The district judge did not err in enhancing Macias–Fuentes's sentence under 8 U.S.C. § 1326(b). *United States v. Almazan–Becerra,* 456 F.3d 949, 955 (9th Cir.2006) (continuing to apply *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998)).

2. A crime of violence has as an element the "threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. 1(B)(iii). There is no requirement that the defendant threaten to use that force *directly* against the person of another. Threats to indirectly harm a person by blowing up a building or administering poison are nonetheless threats to the person. Threats to property, if made knowing that physical harm to a person would likely result from the property damage, are crimes of violence. *Cf. People v. Maciel,* 113 Cal.App.4th 679, 6 Cal.Rptr.3d 628, 632 (2003) (conviction under Cal.Penal Code § 422 requires that the defendant intend "the listener to believe death or great bodily injury will be inflicted"). The district judge thus did not plainly err in imposing a 16–level enhancement.

3. The condition that Macias–Fuentes report to his probation officer upon reentering the United States does not violate the Fifth Amendment. *United States v. Rodriguez–Rodriguez,* 441 F.3d 767, 772 (9th Cir.2006). Although Macias–Fuentes's probation conditions require him to "answer truthfully all inquiries by the probation officer," this condition would not be violated by an invocation of Fifth Amendment rights. *See Minnesota v. Murphy,* 465 U.S. 420, 437, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984) ("Without the benefit of an authoritative ... construction of the condition, we are hesitant to read into

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the truthfulness requirement an additional obligation that [defendant] refrain from raising legitimate objections to furnishing information that might lead to his conviction for another crime."). The district judge thus did not abuse his discretion in imposing the probation condition.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.